**FAMOUS FOODS, INC., Plaintiff,**

v.

**GENERAL FOODS CORPORATION, Defendant.**

**Civ. A. No. 74-481.**

United States District Court, W. D. Pennsylvania.

Sept. 7, 1972.

Paul A. Love, Pittsburgh, Pa., Ervin, Varn, Jacobs & Odom, Tallahassee, Fla., for plaintiff.

David McNeil Olds, Johanna G. O'Loughlin, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge.

This Sherman Antitrust proceeding arises under Title 15, United States Code, §§ 1 and 15, and claims resale price maintenance on the part of the defendant in the distribution and sale of the defendant's General Foods Corporation, institutional coffee and food prod-

ucts. The immediate matter before the Court is a Motion for Summary Judgment filed by the defendant.

The Court has afforded the parties a most extensive and complete hearing in this matter and has considered the briefs and arguments of counsel.[1] After a full and exhaustive review of the record together with the release executed in this proceeding the Court must conclude that the Motion for Summary Judgment be granted.

It was stipulated and agreed by the parties that if a Motion for Summary Judgment is granted it must be limited to the period of time between June 3, 1958 and September 7, 1972, for the reason that business relations continued for about eight months as to other products between the parties subsequent to the signing of the general release of September 7, 1972.

█ Distribution of the products of the defendant was made by the plaintiff for a period in excess of fourteen years. The parties operated under a written agreement from June 3, 1958 until September 7, 1972 on which date the plaintiff sold its coffee distribution business to the defendant. At the time of said sale, a general release was executed by the parties in which each mutually released the other from any and all claims and demands of any nature whatsoever which either party ever had, now has, or may hereafter have. For all practical intents and purposes this general release is the same type which the United States Court of Appeals for the Third Circuit held as being valid in the *Three Rivers Case*, (3rd Cir., 1975). No useful purpose could be gained in making detailed reference to the marked similarities of the two releases and the discussions are most thoroughly and complete-

ly expressed by the United States Court of Appeals in that case. Suffice to say, I am satisfied that the releases are of an exact similar nature and under all the facts which are not disputed, the cause of action of the plaintiff in this proceeding, for the period of time prior to September 7, 1972, is barred by said release. The complete terms and provisions of said release provides in detail as follows:

"AGREEMENT between FAMOUS FOODS INC., a Pennsylvania corporation, having a principal place of business at 5th and Pennsylvania Railroad, Sharpsburg, Pittsburgh, Pennsylvania (hereinafter called FAMOUS) and GENERAL FOODS CORPORATION, a Delaware corporation having its principal place of business at 250 North Street, White Plains, New York 10625 (hereinafter called GENERAL FOODS)

WITNESSETH:

WHEREAS, FAMOUS has been a distributor of certain institutional products of GENERAL FOODS in the Counties of Allegheny, Westmoreland, Armstrong and Butler, in the Commonwealth of Pennsylvania, and

WHEREAS, GENERAL FOODS has purchased from FAMOUS certain of the assets used by FAMOUS in such institutional distribution;

NOW THEREFORE, it is hereby mutually agreed by the parties hereto as follows:

Any distributorship agreement express or implied between GENERAL FOODS and FAMOUS relating to or arising from FAMOUS distributing certain institutional coffee products of · GENERAL FOODS, including but not limited to that agreement between the

---

1. At the hearing on November 7, 1974, the Court was apprised by counsel that a matter of a similar nature was pending before the United States Court of Appeals for the Third Circuit at 522 F.2d 885 (*Three Rivers Motors Company v. The Ford Motor Company and Auto-Lite Corporation*, 3rd Cir., 1975). This Court deferred ruling on the motion pending the decision by the Appeals Court which was filed on July 1, 1975. A second hearing was held on August 7, 1975 whereby counsel were again afforded every opportunity to present any and all additional arguments relative to the Motion for Summary Judgment.

parties dated June 3, 1958, shall be null, void and of no effect from the closing for the purchase of assets referred to above, and the parties hereto mutually release each other from any and all claims, liabilities, or other obligations either party ever had, now has or may hereafter have against or to the other, except:

(1) Indebtedness of FAMOUS to GENERAL FOODS for merchandise heretofore sold and delivered from GENERAL FOODS to and not heretofore paid for;

(2) Any and/or all loans and advances from GENERAL FOODS to FAMOUS not heretofore paid; and

(3) That indebtedness provided for in the documents exchanged at the closing of the sale of the assets of FAMOUS to GENERAL FOODS, as above.

IN WITNESS WHEREOF, the parties hereto have executed this agreement this 7th day of September, 1972."

■ Rule 54(b) of the Federal Rules of Civil Procedure permits the District Court in its discretion to determine appropriate time when each final decision upon one or more but less than all the claims in a multiple claims action is ready for appeal. *Allis-Chalmers Corporation v. Philadelphia Electric Company v. Allis-Chalmers Corporation v. Westinghouse Electric Corporation*, 521 F.2d 360 (3rd Cir., 1975). It is clear that Rule 54(b) of the Federal Rules of Civil Procedure requires a trial judge to exercise considered discretion, weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand might have.

■ The Court is convinced that it is in the interest of sound judicial administration and public policy that its decision to grant summary judgment on the question of validity of the release be certified for appeal. Many factors were considered by the Court including those set forth in *Allis-Chalmers Corporation*, (3rd Cir., 1975).

One such factor which would weigh heavily against the granting of 54(b) certification is the presence of a counterclaim which could result in a set off against any amount due and owing to plaintiff. That element is not present in the instant case. Another factor which would weigh against the granting of 54(b) certification would be that the possibility of the need for review might be made by future developments in the District Court. The likelihood of that happening here is very remote. Any decision by the District Court on plaintiff's claim, from the period of September 7, 1972 to June 15, 1973, can in no way effect the Appellate Court's decision as to the validity of the release as to a bar as to any and all claims prior to September 7, 1972. There is no dispute that plaintiff's cause of action, for the period June 3, 1958 to September 7, 1972, involved different merchandise than plaintiff's cause of action from September 7, 1972 to June 15, 1973. In addition, the pre September 7, 1972 action is dependent on the validity of the general release signed by the parties.

If the general release is held to be a bar to any cause of action plaintiff might have prior to September 7, 1972, much judicial time and expense as well as time and expense of the litigants can be saved. It is self-evident how much more simple and less time consuming the trial would be by confining it solely to the question as to whether or not violation of the Sherman Antitrust Act does or does not exist for the subsequent business relations between the parties during the eight month period after the signing of the release. In the event that the Appeals Court should determine the general release to be invalid and therefore not a bar to plaintiff's cause of action prior to September 7, 1972, all counsel need do, since discovery has concluded, is to conclude their pretrial schedule for the period between 1958

and 1972 and the action will proceed most expeditiously to trial.

Plaintiff's counsel suggested that a full and complete trial on both claims be held with interrogatories submitted to the jury covering the respective periods of plaintiff's claim. Counsel further indicated that depending on the Court of Appeal's decision as to the validity of the release, the District Court would then have the authority to enter a judgment notwithstanding the verdict if justice demands. I am of the opinion that to follow this suggestion would be a grossly exorbitant and unjustified waste of time and expenditure and substantial monies for the cost of jurors and the underlying court personnel. To follow plaintiff's counsel's suggestion could result in a substantial prejudice and bias to the defendant in the jury findings as to the defendant's actions regarding the sale of other merchandise since the date of the release if the Court of Appeals affirms this Court's decision in granting summary judgment.

In view of the foregoing it is clear that sound judicial administration requires the instant judgment be certified for appeal.

I am well aware that absence of certification for appeal, the granting of the Motion for Summary Judgment based on the release, does not finally dispose of the whole cause of action. I am of the firm opinion that the order entered involved a controlling question of law as to which there is substantial ground for difference of opinion; but, unquestionably, an immediate appeal from said order will materially advance the ultimate determination of the litigation. Many prejudices and unjust inferences could well be drawn against the defendant if in the trial of the proceeding testimony was permitted between 1958 and 1972 which could have no material or subsequent value on the determination of the issues by the trial judge and jury and the period from September 7, 1972 to June 15, 1973 when the business relations between the parties terminated.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.

### ORDER

And now, this 26th day of August, 1975, judgment is entered in favor of the defendant, General Foods Corporation, and against the plaintiff, Famous Foods, Inc., for all claims and demands of any nature whatsoever prior to September 7, 1972 the date of the general release.

Consistent with the provisions of 28 U.S.C. § 1292(b), counsel for the plaintiff in its discretion may make application for leave to appeal from the granting of summary judgment to the United States Court of Appeals for the Third Circuit within ten (10) days after the entry of this order which is granting the Motion for Summary Judgment in favor of the defendant. If this procedure is followed by the plaintiff, all proceedings prior to September 7, 1972 shall be stayed in the District Court.